## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

### *v.* STATE.

### Opinion delivered January 20, 1908.

OBSTRUCTION OF HIGHWAY—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 1758, making the obstruction of public roads a misdemeanor, is applicable only to county roads, and not to public streets in a municipal corporation.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1. Except in blind tiger and gambling cases (Kirby's Digest, § 6388), a deputy prosecuting attorney has no authority to present an information not under oath, so as to give jurisdiction to a justice of the peace. Kirby's Digest, § 2506.

2. The circuit court acquired no jurisdiction on appeal. The statute on which this action is based makes the party violating it "liable to indictment in the circuit court of the proper county," and the concurrent jurisdiction of justices of the peace in misdemeanors is limited to such as is now or may be prescribed by law. Art. 7, § 40, Const. Ark.

3. If there was any offense in this case, it was a violation of a city ordinance, and not of the statute. Kirby's Digest, § 5530; 66 Ark. 40; 58 Ark. 494; 68 Ark. 39; 74 Ark. 194.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1. Express authority has been conferred upon deputy prosecuting attorneys to file informations not under oath. Act No. 220 (1905), § 2.

2. The circuit court had jurisdiction on appeal. Kirby's Digest, § 2083, sub-div. 5.

3. The sovereign power of the State over public highways was not surrendered to the municipalities in the statute relied upon by appellant, and when the latter fail to act the State may intervene to preserve to the public the use of a highway and to punish the offender. 91 U. S. 540; 33 Fed. 659; 45 Ga. 602; 99 U. S. 635; 52 Ark. 51.

Hill, C. J. A deputy prosecuting attorney filed information in a justice of the peace court against appellant railroad company, charging it with obstructing the public road known as the Texarkana and Dooley's Ferry Road, in the city of Texarkana, county of Miller, and State of Arkansas, by placing piling in said road, the charge being that the railroad had violated section 1758 of Kirby's Digest, which reads as follows:

"If any person shall obstruct any public road by felling any tree or trees across the same, or by placing any other obstruction therein, he shall be guilty of a misdemeanor, and liable to indictment in the circuit court of the proper county, and on conviction thereof be fined in any sum not exceeding fifty dollars, and shall forfeit two dollars for every day he shall suffer such obstruction to remain after he shall have been notified to remove the same by the overseer. Provided, this shall not extend to any person who may cut down any timber for rails, wood or other lawful purpose who shall immediately remove the same out of the road, or to any person who shall dig a ditch or drain across such road on his own lands and who keeps the same in repair."

On appeal to the circuit court and trial *de novo* before a jury, the appellant railroad company was convicted and fined, and has appealed, and raises several questions, only one of which is necessary to notice; that is, whether the statute in question refers to highways in cities, as it was charged and admitted in this case that the highway which the railroad company obstructed was within the limits of the city of Texarkana.

The statute (sec. 1758) is a part of the act approved December 4, 1874. But the act of 1874 was really an amendment to section 14 of chapter 140 of English's Digest, the material part of the amendment being in the proviso found in the later act. The act, as found in English's Digest, was passed in 1838, and was itself an amendment of the first road law of the State. *State* v. *Lemay,* 13 Ark. 405. In this case it was held that the public roads contemplated by the statute were such as had, previous to 1838, been laid out pursuant to law and not vacated, and such as may have been laid out and opened pursuant to the provisions of the statute for establish-

ing roads since that time. The history of the act would indicate that it was not intended to apply to streets of cities of the first class, or of cities of any class, for at the time of its enactment there was no such thing as a city within the State, only one small town and scattering villages.

. But passing the history: The face of the act itself shows that it was not intended to apply to cities. While it is possible to fell trees across city streets and thereby obstruct them, it is improbable that it would be permitted that trees be felled across such streets for the purpose of cutting timber for rails. But what is more conclusive than this is the fact that it is provided that the offending party shall forfeit two dollars for each day that he shall permit the same to remain after he shall have been notified to remove the same by the overseer. An overseer is an officer peculiar to county roads, and has no authority over city streets. He is appointed by the county court, and his duties are defined by statute, and are limited to county roads. Kirby's Digest, § § 7274, 7228, 7230, 7241-7266.

In municipal corporations, streets and alleys may be laid out in road districts, for the purpose of requiring the male inhabitants between the ages of 18 and 45 to work them, as is required of the inhabitants of county districts. Sections 5498, 5499. But this statute, which is the act of 1879, is strong evidence of a legislative construction that the streets in municipal corporations are not public highways within the meaning of the law subjecting male inhabitants to work thereon. The Legislature has therein provided that the municipalities might provide for such road districts, and when that is done the city council provides for it to be done under the supervision and direction of such officer as the council or board of aldermen may direct. Thus it is seen that, even in these urban districts, there is no overseer provided by statute. The context of the act satisfies the court that it was not intended to refer to streets in cities and towns, but was referring to highways over which road overseers had jurisdiction and could give notice as therein provided. Therefore, it was error to sustain the conviction for obstructing this road within the city of Texarkana under this statute.

Judgment reversed and cause dismissed.